UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ROTH and BETSY ROTH,<br>His Wife, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06 CV 1452 |
| | ) | |
| NORFALCO, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, NorFalco LLC ("NorFalco"), by its attorneys, Freeborn & Peters LLP, and Tucker Arensberg, P.C. pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Court for the Middle District of Pennsylvania, hereby moves this Court to grant summary judgment in its favor and against Plaintiffs, David Roth and Betsy Roth, on all counts of their Amended Complaint ("Complaint"). In support, NorFalco states:

1.      Plaintiffs filed a five count Complaint alleging strict products liability, strict liability for abnormally hazardous product, negligence, breach of warranty and loss of consortium.

2.      NorFalco is entitled to summary judgment on each of these counts.

3.      A party is entitled to summary judgment if "the pleadings depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled judgment as a matter of law. FED. R. CIV. P. 56(C).  Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *Waering v. BASF Corp.*, 146 F.

Supp.2d 675, 679 (M.D. Pa. 2001). On the other hand, where the parties dispute facts material to the lawsuit, the moving party must establish that the factual dispute is not genuine, that is, that the evidence adduced by the parties is such that no reasonable jury could return a verdict for the nonmoving party under the governing evidentiary standard. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-53 (1986)). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This standard places the initial burden on the moving party to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden of production, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* If the evidence is merely colorable, or is not significantly probative, a court may grant summary judgment. *Anderson*, 477 U.S. at 249-50

4.     NorFalco is entitled to summary judgment on Plaintiffs' negligence, strict products liability, and breach of warranty claims (Counts I, III, and IV) because these common law damages claims are preempted by federal law.

5.     NorFalco is entitled to summary judgment on Plaintiffs' strict products liability claim (Count I) because NorFalco was not a manufacturer or seller of the alleged defective product.

6.     NorFalco is entitled to summary judgment on Plaintiffs' strict product liability count (Count I) because the product was not, as a matter of law, unreasonably dangerous.

7.     NorFalco is also entitled to summary judgment regarding Plaintiffs' negligence claims (Count III) that NorFalco failed to provide adequate clothing and safe loading procedures

because Roth's work environment was exclusively in the control of his employer, a sophisticated user of sulfuric acid.  Therefore, NorFalco owed no duty to Plaintiff.

8.     NorFalco is entitled to summary judgment on Plaintiffs' strict liability for abnormally hazardous activity claims (Count II) because NorFalco did not engage in the activity of unloading sulfuric acid; and the unloading of sulfuric acid, in any event, is not abnormally hazardous as a matter of law.

9.     Finally, summary judgment should be granted on Plaintiffs' breach of warranty claims because Plaintiffs have failed to prove an express or implied warranty that NorFalco breached.

10     Plaintiff, Betsy Roth's loss of consortium claim should be dismissed because it is derivative of Roth's.

11.     In support of its motion, NorFalco incorporates its Memorandum of Law In Support of Its Motion For Summary Judgment, and Rule 56.1 Statement of Uncontradicted Material Facts.

WHEREFORE, for the reasons stated above and in the accompanying Memorandum of Law, Defendant NorFalco LLC respectfully requests that this Court enter summary judgment in its favor dismissing Plaintiffs' Amended Complaint with predudice, and grant any such other relief as it deems appropriate.

Dated:  April 11, 2008                               Respectfully submitted,


                                                     By: /s/  Richard T. Sikes, Jr.

                                                     Richard T. Sikes, Jr.
                                                     Marc H. Kallish
                                                     FREEBORN & PETERS LLP
                                                     311 South Wacker Drive
                                                     Suite 3000
                                                     Chicago, Illinois 60606
                                                     Telephone:  (312) 360-6000
                                                     Facsimile:  (312) 360-6575
                                                     E-mail: rsikes@freebornpeters.com

                                                     Dennis R. Sheaffer
                                                     TUCKER ARENSBERG, P.C
                                                     Attorney I.D. 39182
                                                     111 N. Front Street
                                                     P.O. Box 889
                                                     Harrisburg, PA  17108
                                                     Phone: 717-234-4121
                                                     Fax: 717-232-6802
                                                     E-mail: dsheaffer@tuckerlaw.com


                                                     Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned being an attorney in this matter certifies that a true and accurate copy of the **Defendant's Motion For Summary Judgment** was served upon all parties of record in the above cause, via U.S. Middle District's Electronic Case Filing on April 11, 2008.

## SERVICE LIST

Albert J. Evans
Riley and Fanelli, P.C.
No. 1 Mahantongo Street
Pottsville, PA 17901
cjones@rileyandfanelli.com

Dennis R. Sheaffer
Tucker Arensberg, P.C.
111 North Front Street
P.O. Box 889
Harrisburg, PA 17108-0889
dsheaffer@tuckerlaw.com

By: /s/ Richard T. Sikes, Jr.
Richard T. Sikes, Jr.
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6000
Facsimile: (312) 360-6594
Counsel for Defendant

1524154v1